IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-01800-BNB

DAVID DONIS, SR.,

SEP 2 2 2009

     Plaintiff,

GREGORY C. LANGHAM
CLERK

v.

EL PASO COUNTY COMMISSIONER'S [sic] JOHN DOES 1-20, El Paso County
    Commissioner's Office[ ],
TERRY MAKETA, Sheriff, El Paso County Sheriff's Department, and
OFFICER MOWER, Deputy Sheriff, El Paso County Sheriff's Department,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, David Donis, Sr., is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Sterling,

Colorado, correctional facility. Mr. Donis has filed *pro se* a civil rights complaint for

money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He has

been granted leave to proceed pursuant to 28 U.S.C. § 1915 and has paid the $8.00

initial partial filing fee.

    The Court must construe the complaint liberally because Mr. Donis is

representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below,

Mr. Donis will be ordered to file an amended complaint.

    Mr. Donis alleges that on July 24, 2008, Deputy Sheriff Mower violated his

Fourteenth Amendment rights by failing to assist him in exiting the van in which he was transported to court. He further alleges that he was in full restraints, that he attempted to exit the van on his own, and that he tripped and fell head first into a concrete block wall, injuring himself. He asserts that he was rushed to a hospital by ambulance, where he received eight stitches over his left eyebrow. He maintains that he continues to suffer from chronic lower back and neck pain resulting from the incident. He fails to allege whether he was a pretrial detainee or a convicted felon when his injuries occurred.

Mr. Donis also fails to allege exactly what each defendant other than Deputy Sheriff Mower did to violate his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Donis must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Sheriff Terry Maketa or the John Doe El Paso County commissioners, may not be held liable merely because of his, her, or their supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Donis may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr.

2

Donis uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Donis will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Donis "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*,

3

492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Plaintiff, David Donis, Sr., file **within thirty (30) days from the date of this order** an amended complaint that complies with this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Donis, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Donis fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 22, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01800-BNB

David Donis, Sr.
Prisoner No.  84275
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/22/09

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk